Case 7:23-cv-00166 Document 24 Filed on 07/18/24 in TXSD Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MILES FLORES PENA,<br>E-1289-20<br>TDCJ # 02502272<br><br>    Plaintiff,<br><br>VS.<br><br>J.E. EDDIE GUERRA, *et al.*,<br><br>    Defendants | §<br>§<br>§<br>§   CIVIL ACTION NO. 7:23-CV-166<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## **REPORT AND RECOMMENDATION**

Plaintiff Miles Flores Pena initiated this civil action in May 2023 by filing a prisoner's civil-rights complaint under 42 U.S.C. § 1983.[1] (Docket No. 1.) At the court's request, he subsequently filed two more definite statements of his claims. (Docket Nos. 9, 13.) In his pleadings, Pena alleges that guards at the state courthouse failed to protect him against an attack from a fellow inmate and that he failed to receive adequate medical care for his injuries. Pena represents himself and has been granted leave to proceed *in forma pauperis*.

On May 8, 2024, the Clerk's Office docketed a Motion for Voluntary Dismissal from Pena stating that he was seeking voluntary dismissal of this lawsuit under Rule 41(a) of the Federal

---

[1] At the time Pena filed this lawsuit, he was incarcerated at the Hidalgo County Adult Detention Center awaiting trial on pending state charges. Pena has since been convicted of aggravated sexual assault of a child and assault of a family or house member by impeding their breath or circulation and sentenced to a 35-year prison sentence and a 10-year prison sentence, respectively, in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ). *See Inmate Info. Search*, Tex. Dep't of Crim. Just., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=07203024 (last visited July 15, 2024); (*see also* Dkt. 22.) The TDCJ website indicates that Pena is currently incarcerated at the Ney Unit. *See* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=07203024.

1

Rules of Civil Procedure because he did not want to pay the balance of the filing fee in this case. (Docket No. 14.) As discussed in the Report and Recommendation of May 20, 2024, Pena's voluntary dismissal under Rule 41(a)(1)(A) terminated this case. (*See* Docket No. 20.) Pena has now filed a letter/motion indicating his desire to continue prosecuting his claims in this case. (*See* Docket No. 22.)

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b). After carefully considering the pleadings, the record, and the applicable law, the undersigned recommends that Pena's letter/motion be **DENIED**.

## I.     BACKGROUND

Pena initiated this case in May 2023 by filing a prisoner's civil-rights complaint under 42 U.S.C. § 1983, alleging that officers at the state courthouse failed to protect him against an attack from a fellow inmate and that he failed to receive adequate medical care for his injuries. (*See* Docket Nos. 1, 9, and 13.) He also filed an application to proceed *in forma pauperis*. (Docket No. 2.) On June 6, 2023, the court granted the application to proceed *in forma pauperis* and assessed an initial partial filing fee of $40.00. (Docket No. 4.) The court's order instructed Pena that, if he did not wish to pay the full filing fee, he could notify the court in writing within 30 days that he does not wish to prosecute this civil action. (*See id.*) In line with the court's standard practice when granting applications to proceed *in forma pauperis*, a blank Motion for Voluntary Dismissal was attached to the order that Pena could fill out and return to the court if he wished to dismiss his case because he did not want to pay the balance of the filing fee. (*See id.*) About a week later, on June 15, 2023, the court issued on amended initial partial filing fee and collection order that was identical to the order of June 6, 2023, except that the June 15 order clarified that a copy of the

2

collection fee order should be sent to the individuals who oversee the Inmate Trust Fund at the Hidalgo County Detention Center. (*See* Docket No. 5.)

On May 8, 2024, the Clerk's Office docketed a Motion for Voluntary Dismissal from Pena, stating that he wanted to dismiss this case under Rule 41(a) of the Federal Rules of Civil Procedure because he does not want to pay the balance of the filing fee. (Docket No. 14.) The Motion for Voluntary Dismissal is signed by Pena and is dated May 2, 2024. (*Id.*) At the time the Motion for Voluntary Dismissal was docketed, the court was still screening Pena's pleadings as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and no defendants had been served. *See also* 28 U.S.C. § 1915(e)(2).

The court held a hearing in this case on May 20, 2024, mainly to address the lack of commissary payments from the jail related to the plaintiff's *in forma pauperis* status. (*See* Minute Entry for 5/20/2024). Pena was present at the hearing. (*Id.*) At the hearing Pena confirmed that all of the pleadings in the case were his own and that he did not want to continue with the case, as reflected in the Motion for Voluntary Dismissal. (*See id.*)[2] Later that same day, the undersigned magistrate judge issued a Report and Recommendation recommending that the District Court grant Pena's Motion for Voluntary Dismissal for purposes of clear record maintenance. (*See* Docket No. 20.) The Report and Recommendation explained that Fifth Circuit law is clear that when a plaintiff files a motion (or notice) to dismiss under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the case is terminated as of the docketing of the motion (or notice), that the motion or notice itself closes the case, and that no other action of the court is required. (*See id.*)

---

[2] At the hearing, Undersigned explained to the plaintiff that the signature on his Motion for Voluntary Dismissal was different from his other pleadings, and Undersigned called him to court to verify that he wanted to dismiss the case. Plaintiff stated "I was going to continue it, but I just figured I would just dismiss it instead because of the money issues." *Id.*

On May 30, 2024, the Clerk's Office docketed a letter from Pena, which states the following:

> My name is Miles Flores Pena[.] I had a court day with you due to my civil suit civil action no 7:23-cv-166[,] Miles Flores Pena v. J.E. Eddie Guerra[.] I was sent to your court on May 20th and was asked by you if I wanted to continue my civil suit and I said "no" but I actually do wanna continue pursuing my civil action suit[.] At the time I was sleep deprived[.] I was woken up at 4 am and when I answered you I was also under duress due to the fact that I was taken by deputies from the Hidalgo County who I currently have the civil suit against the Sheriff of Hidalgo County[.] I was also not in my 5 senses[.] I had recently been sentenced to 35 years to T.D.C.J. The reason I denied the money withdrawal was because I'm indigent and needed the calling cards to purchase so that I can call my lawyer and appeal my state case of 35 years[.] But Judge Medrano I do wanna continue my civil suit[.] When I answered you I was under duress[.] Please allow me to continue my civil suit[.] There is a lot of wrong going on in this county especially for inmates with sex cases like mine[.] They continue to mix me with X gang members at the county court house holding cells and we continue to get assaulted by 2 or 3 other inmates and they were suppose to withdraw from my account on June 15th 2023 and they never did or it would have been paid for already[.] So please allow me another in person hearing and will explain everything and also I lack in doing legal paper work. I don't have money for a lawyer[.] I do not know to [sic] much about the procedures of a civil suit[.] If I could please have a lawyer to help me[.] Thank you Judge Medrano. I don't mean to upset you with this letter but I'd rather be honest and truthful with you about why I said no when I meant to say yes[.] I was under duress due to being with the deput[ies] from Hidalgo County.

(Docket No. 22.)

On June 18, 2024, the Honorable United States District Judge Micaela Alvarez entered an order remanding the case back to the undersigned magistrate judge to address the issues raised in Pena's May 30 letter. (Docket No. 23.)

## II.   ANALYSIS

**A.   Voluntary Dismissal Under FRCP 41(a)(1)(A)(i)**

As discussed in the Report and Recommendation of May 20, 2024, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before service of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). The Fifth Circuit has

4

made clear that "once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case is effectively terminated. The court has no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (cleaned up). Indeed, "Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file." *Id.* (quoting *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)); *see also In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (explaining that a notice of dismissal filed pursuant to Rule 41(a)(1)(A)(i) is "self-effectuating and terminates the case in and of itself; no order or other action of the district court is required") (citations omitted); *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013) ("Rule 41(a)(1) 'on its face grants a plaintiff an unconditional right to dismiss his complaint by notice and without order of the court at any time prior to the defendant's service of an answer or motion for summary judgment.") (quoting *Pilot Freight Carriers, Inc. v. In'tl Bhd. of Teamsters*, 506 F.2d 914, 915 (5th Cir. 1975)); *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) (commenting that the plaintiffs styling their filing brought under Rule 41(a)(1) a "motion for dismissal" rather than a "notice of dismissal" was a "distinction without a difference"); 9 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2363 (4th ed.) ("Although Rule 5(a) requires that a voluntary dismissal notice be served on all other parties, the cases seem to make it clear that the notice is effective the moment it is filed with the clerk. It is merely a notice and not a motion, although a notice in the form of a motion for dismissal is sufficient. No court order is required, and the district judge may not impose conditions.").

Fifth Circuit case law is clear that a Rule 41(a)(1)(A)(i) voluntary dismissal is effective upon filing and that the district court is divested of jurisdiction over the case by the filing of the notice of dismissal. *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 719 (5th Cir. 2010) (explaining that generally "a Rule 41(a)(1) dismissal results in immediate termination of the suit") (citations omitted); *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) ("[I]n the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself."); *Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 716 (5th Cir. 2006) (per curiam) ("Once a plaintiff has filed a proper rule 41 notice, any further action by the district court [is] neither necessary nor of any effect.") (internal quotation marks and citation omitted). Although no order closing the case is needed, for purposes of clear record maintenance and so that the Clerk is notified that a case should be closed, district courts in the Fifth Circuit often enter an order acknowledging that the plaintiff has filed a Rule 41(a) dismissal and instructing the Clerk to administratively close the case. *See, e.g.*, *Drake v. Safeway, Inc.*, Case No. 3:18-cv-3120-S, 2019 WL 1959880, at *3 (N.D. Tex. Apr. 3, 2019) (recommending that the plaintiff's "motion for nonsuit" be treated as a notice of voluntary dismissal under Rule 41(a) and recommending that the district court direct the Clerk of Court to administratively close the case), *R&R adopted by* 2019 WL 1958395 (N.D. Tex. May 2, 2019); *Wilson v. Hooper*, Civil Action No. 18-301-JWD-EWD, 2019 WL 1931743, at *1 (M.D. La. Apr. 30, 2019) (ordering that the plaintiff's motion to dismiss be treated as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) and directing the Clerk of Court to close the case); *Wilson v. Louisiana*, Civil Action No. 20-3111, 2021 WL 7208642, at *2 (E.D. La. Mar. 10, 2021) (explaining that the plaintiff's "notice is sufficient under Rule 41(a)(1)(A)(i) for dismissal of this case without prejudice" and that "[w]hile no dismissal order is needed under Fed. R. Civ. P. 41(a), it is recommended that the court enter an order of dismissal

6

without prejudice, for purposes of precise record maintenance and to assure clear resolution of this matter"), *R&R adopted by* 2022 WL 594920 (E.D. La. Feb. 28, 2022). Thus, when Pena's Motion for Voluntary Dismissal was docketed by the Clerk on May 8, the motion was self-effectuating and immediately terminated the case.[3]

**B.      Whether Pena Is Entitled to Relief**

Pena has now filed a letter/motion in which he communicates his desire to continue prosecuting this case. (*See* Docket No. 22.) It appears that Pena's letter/motion is most appropriately considered under Rule 60(b) of the Federal Rules of Civil Procedure.[4] The Fifth Circuit case of *Yesh Music v. Lakewood Church*, 727 F.3d 356 (5th Cir. 2013) is instructive as to how to approach the plaintiff's letter/motion. In *Yesh Music*, the plaintiff voluntarily dismissed its

---

[3] "That the court loses jurisdiction over the litigation does not, however, deprive the district court of its inherent supervisory powers." *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010). "After the termination of an action, a court may nevertheless 'consider collateral issues.'" *Id.* (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)). These collateral issues include imposing sanctions under Rule 11, imposing costs and attorneys' fees, or undertaking contempt proceedings. *Id.*; *see also Vikas WSP, Ltd. v. Econ. Mud. Prods. Co.*, 23 F.4th 442, 451 (5th Cir. 2022) (explaining that even after dismissal, "the court may 'manage its proceedings, vindicate its authority, and effectuate its decrees'") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994)). It was thus proper for the court to consider the issue of the lack of commissary payments from the jail related to the plaintiff's *in forma pauperis* status at the hearing on May 20.

[4] Even though Pena filed his letter/motion less than 28 days after he filed his motion for voluntary dismissal, the court treats the letter as a motion made under Rule 60(b), rather than a motion made under Rule 59(e). "Rule 59(e) allows a party 'to alter or amend a judgment.'" *Def. Distrib. v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (quoting Fed. R. Civ. P. 59(e)). In this case, no judgment was ever entered. Moreover, Rule 59(e) "does not allow a party to revive and initiate further proceedings in a dismissed lawsuit." *Id.* Thus, any purported motion made under Rule 59(e) must fail for these reasons alone. Even if the plaintiff's letter/motion were analyzed under Rule 59(e), Pena would not be entitled to relief. Relief from a judgment is available under Rule 59(e) in very limited circumstances, such as: (1) an intervening change in controlling law; (2) newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019); *Def. Distrib.*, 947 F.3d at 873. Pena does not point to any new evidence or an intervening change in law, nor does he allege a manifest error of law or fact.

7

lawsuit pending before the district court under Rule 41(a)(1)(A)(i). 727 F.3d at 357. The plaintiff later filed a motion to vacate its voluntary dismissal under Rule 60(b), which the district court granted. *Id.* at 357–58. On appeal, the Fifth Circuit affirmed the district court and held that a plaintiff's voluntarily dismissal without prejudice under Rule 41(a)(1)(A) qualifies as a "final proceeding" subject to vacatur under Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* at 362–63.

The undersigned therefore construes Pena's letter/motion expressing his wish to continue with this case as a motion to vacate the voluntary dismissal pursuant to Rule 60(b). *See Salazar v. U.T.M.B. Corr. Managed Care*, Civil Action No. 5:17-cv-313-M-BQ, 2018 WL 4084291, at *2 (N.D. Tex. July 24, 2018) ("[T]he Fifth Circuit has recognized that courts retain limited jurisdiction over a voluntarily dismissed action to entertain a subsequent motion for relief under Rule 60(b).") (citing *Yesh Music*, 727 F.3d at 360–61), *R&R adopted by* 2018 WL 4075798 (N.D. Tex. Aug. 27, 2018). The court will now analyze whether the letter/motion entitles Pena to relief under Rule 60(b).

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

8

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Pena does not indicate under which subsection of Rule 60(b) he seeks relief.[5] At the time he sought dismissal of this action, Pena stated in his Motion for Voluntary Dismissal that he was dismissing the case because he did not want to pay the filing fee. (*See* Docket No. 14.) Even though the docketing of the Motion for Voluntary Dismissal terminated the case, Pena reiterated his desire to dismiss the case at the hearing on May 20. (*See* Minute Entry for 5/20/2024.) In his letter/motion of May 30, Pena claims that his reasons for telling the court that he wanted to dismiss the case at the May 20 hearing were because he was sleep deprived, he was under "duress," and that he was not in his "5 senses" at the hearing because he recently received a 35-year prison sentence. (*See* Docket No. 22.) At the end of the letter/motion he reiterates that "I'd rather be honest and truthful with you about why I said no when I meant to say yes[.] I was under duress due to being with the deputies from Hidalgo County[.]" (*See id.* at 2.)

Subsections 60(b)(4) and (5) are not relevant because no judgment has been entered in this case. Pena does not claim any newly discovered evidence, so subsection 60(b)(2) does not apply. And, Pena does not argue that there has been mistake, inadvertence, surprise, or excusable neglect, thus making subsection 60(b)(1) inapplicable.

---

[5] "Which subsection applies to a Rule 60(b) motion depends on why the movant seeks relief." *Edwards v. 4JLJ, L.L.C.*, No. 23-40189, 2024 WL 983657, at *2 (5th Cir. Mar. 7, 2024) (citing *United States v. Fernandez*, 797 F.3d 315, 318–19 (5th Cir. 2015)).

That leaves subsections 60(b)(3) and (b)(6).[6] The court considers whether subsection 60(b)(3) fits the circumstances present here because Pena asserts that one of the reasons why he told the court that he did not want to pursue his lawsuit was that he was "under duress" at the hearing on May 20 due to the presence of Hidalgo County Sheriffs' deputies. *See Mansour v. Mansour*, Case No. 17-24206-CIV, 2020 WL 9549673, at *8 (S.D. Fla. Jan. 9, 2020) (explaining that "relief requested from a judgment secured by duress and coercion triggers Rule 60(b)(3)"); *Interactive Edge, Inc. v. Martise*, No. 97 Civ. 3354(RO), 1998 WL 35131, at *3 (S.D.N.Y. Jan. 30, 1998) ("[The defendant's] allegations of threats from plaintiff's counsel, creating a climate of extreme duress under which [the defendant] signed the Settlement Agreement, raise the specter of Rule 60(b)(3)'s 'fraud . . . , misrepresentation, or other misconduct of an adverse party.'"). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citing *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995)). The moving party must prove the misconduct by clear and convincing evidence. *Hesling*, 62 F.3d at 641 (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)). Pena claims that one of the

---

[6] The court again considers the Fifth Circuit's guidance that "[w]hich subsection applies to a Rule 60(b) motion depends on why the movant seeks relief." *Edwards*, 2024 WL 983657, at *2 (citing *Fernandez*, 797 F.3d at 318–19). Trying to discern why Pena seeks relief is difficult, however, because Pena's letter/motion does not address the reasons he filed the Motion for Voluntary Dismissal (because he did not want to pay the filing fee)—which is the operative document that terminated this case. Instead, the letter/motion concerns his reasoning on the day of the May 20 hearing as to why he told the court that he wanted to dismiss his case—namely, that he was sleep deprived, "not in his 5 senses," and he felt like he was under duress because of the presence of Hidalgo County sheriff deputies. Since Pena had already dismissed his case prior to the May 20 hearing, how he was feeling on the day of the hearing—little sleep, not being in his right mind, and feeling under duress—do not inform the reasons for why he decided to terminate the case in the first place. The court, however, will attempt to address all of the reasons Pena has provided for wanting to vacate his voluntary dismissal.

reasons he wanted to dismiss his case was that he was "under duress" at the hearing on May 20 because he was with deputies from Hidalgo County. There are at least two problems with this explanation. First, Pena does not claim that he was under any kind of duress when he signed or filed his Motion for Voluntary Dismissal—which is the operative filing that terminated this case. The only reason provided in the Motion for Voluntary Dismissal for dismissing the case is because Pena did not want to pay the filing fee. The alleged duress that Pena was feeling on the day of the May 20 hearing occurred *after* Pena had already made up his mind to dismiss his case—and in fact, did voluntarily dismiss the case by the docketing of the Motion for Voluntary Dismissal on May 8. Second, Pena does not allege any facts that describe why he allegedly felt that he was under duress at the May 20 hearing. Pena's assertion that he felt under duress because Hidalgo County sheriff deputies brought him to the May 20 hearing and he is suing the Hidalgo County Sheriff is conclusory and unsubstantiated. Pena does not allege, for example, that a Hidalgo County deputy threatened him or how any alleged threat is related to this lawsuit. Thus, to the extent subsection 60(b)(3) applies, Pena has not met his burden to show that he is entitled to relief under this subsection. *See, e.g.*, *Salazar*, 2018 WL 4084291, at *2 (finding that the inmate plaintiff did not meet his burden under Rule 60(b)(3) for vacatur of his voluntary dismissal when he did not provide any evidence to support his claim that the defendants threatened him to prevent him from proceeding with his case).

  The court next considers whether the catch-all provision of 60(b)(6) affords Pena relief. Subsection (6) is "a residual or catch-all provision to cover unforeseen contingencies—a means to accomplish justice under exceptional circumstances." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993); *see also Yesh Music*, 727 F.3d at 363 ("Rule 60(b) relief will be granted only if extraordinary circumstances are present.") (internal citation, citation marks, and

quotation marks omitted). "Rule 60(b) requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made." *Yesh Music*, 727 F.3d at 363 (quoting *Edward H. Bohlin Co., Inc.*, 6 F.3d at 357); *see also Jedrejcic v. Croatian Olympic Comm.*, 190 F.R.D. 60, 80 (E.D.N.Y. 1999) ("Mere dissatisfaction in hindsight with choices deliberately made does not constitute grounds for relief under Rule 60(b)"). "Rule 60(b)(6) should not be used to undo the damage done by a poor strategic decision . . . ." *Yesh Music*, 727 F.3d 356 at 363; *see also Bell v. Hadley*, Civ. A. 04-263-WS-D, 2006 WL 572329, at *1–2 (S.D. Ala. Mar. 7, 2006) ("Having elected to voluntarily dismiss his claims against defendants in this action, plaintiff cannot 'unring' that bell simply because he has changed his mind.").

That Pena was tired, not thinking straight, did not want to pay the filing fee at one point but is ok with paying it now, or has merely changed his mind do not amount to the requisite extraordinary circumstances necessary for relief under Rule 60(b)(6). *See, e.g.*, *McGrew v. McQueen*, 415 F. App'x 592, 593 (5th Cir. 2011) (per curiam) (finding that "extraordinary circumstances" were not present under Rule 60(b)(6) to reopen a lawsuit when the inmate plaintiff voluntarily dismissed the suit); *Rheaume v. Pallito*, Civil Action No. 5:11-cv-72, 2014 WL 2830677, at *4 (D. Vt. Apr. 25, 2014) (finding that an inmate who dismissed his own case was not entitled to Rule 60(b) relief when the inmate asserted that "his mental health was not the greatest at the time" and that he regretted his decision to file a motion to dismiss the case), *R&R adopted by* 2014 WL 2856376 (D. Vt. June 23, 2014); *Bell*, 2006 WL 572329, at *1–2 (denying an inmate's motion to reopen a case that he voluntarily dismissed because the inmate's statement that "he no longer wishes to dismiss his suit" did not justify relief under Rule 60(b)). Pena will not suffer any manifest injustice because his voluntary dismissal of his case was without prejudice. *See Salazar*,

2018 WL 4084291, at *3; *Rheaume*, 2014 WL 2830677, at *4.  Further, it does not appear that the statute of limitations has run on Pena's claims.  *Schumacher v. Fannin Cnty.*, 258 F. App'x 710, 711 (5th Cir. 2007) (per curiam) (explaining that a failure to protect claim has a two-year statute of limitations in Texas); *Goosby v. Robertson*, 602 F. App'x 190, 190 (5th Cir. 2015) (per curiam) (explaining that the statute of limitations for an inadequate medical care claim in Texas is two years).

In conclusion, the circumstances described in the plaintiff's letter/motion do not amount to misconduct by an opposing party under Rule 60(b)(3) or extraordinary circumstances under 60(b)(6) to warrant the relief sought.

### III.     CONCLUSION

*Recommended Disposition*

After careful review of the record and relevant law, the undersigned recommends that Pena's letter/motion of May 30, 2024, (Docket No. 22) be construed as a Rule 60(b) motion to vacate the Rule 41(a)(1)(A)(i) voluntary dismissal, that the letter/motion be **DENIED,** and that the Clerk of Court be **INSTRUCTED** to administratively close this case.  It is further recommended that Pena's request for the appointment of counsel contained in his letter/motion be **DENIED** as moot.

*Notice to the Parties*

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on

an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

The Clerk shall provide a copy of this Order to the parties.

SO ORDERED, the 24th of July, 2024 at McAllen, Texas.

_____
NADIA S. MEDRANO
United States Magistrate Judge